UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X   *Civ. Case No.: 19 cv 07177*
DIANA HYLTON,

                                         Plaintiff,

        – against –                                         **<u>JURY DEMANDED</u>**

WTC TOWER 1 LLC, 1 WORLD TRADE CENTER
LLC, TOWER 1 HOLDINGS LLC, TOWER 1 JOINT
VENTURE LLC, TOWER 1 MEMBER LLC, THE
DURST ORGANIZATION INC., DURST 1 WTC LLC,
DURST MANAGEMENT AND DEVELOPMENT LLC,
DURST WTC CORPORATION, DURST WTC
HOLDING LLC, NEWMARK & COMPANY REAL
ESTATE, INC., NEWMARK KNIGHT FRANK
GLOBAL MANAGEMENT SERVICES, LLC,
THYSSENKRUPP ELEVATOR CORPORATION,
THYSSENKRUPP NORTH AMERICA, INC.

                                         Defendants.
------------------------------------------------------------------------X

        Defendant, ***ThyssenKrupp Elevator Corporation*** by its attorneys, Babchik & Young, LLP,
answers the Complaint as follows:

        1.      Defendant avers that Paragraph(s) 1 and 169 of the Complaint calls for a legal
Conclusion to which no response is required. To the extent that a response is required Defendant
denies the allegations of Paragraph(s) 1 and 169 of the Complaint.

        2.      Denies knowledge or information thereof, sufficient to form a belief as to the truth of
any of the allegations contained in paragraphs 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18,
19, 20, 21, 22, 23, 24, 25, 25,26, 27, 28, 29, 30, 31, 32, 33, 37, 38, 39, 41, 42, 43, 44, 45, 46, 47, 48,
49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75,
76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91. 92, 93, 94, 95, 96, 97, 98, 99, 100, 101
102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 157, 158, 159, 160,
161, 162, 163, 164, 165, 166, 167 and 168 of the Verified Complaint.

        3.      Denies the allegations contained in paragraph 36, except admits that
***ThyssenKrupp Elevator Corporation*** was and is a corporation doing business in the State of New
York.

4.     Denies the allegations contained in paragraphs 119 and 121, except admits that plaintiff, filed a complaint, and respectfully refers all questions of law and fact to judge and jury respectively.

5.     Denies the allegations contained in paragraphs 120, 122, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 170, 171, 172, 173, 174, 175, 176 and 177 of the Verified Complaint.

6.     Denies paragraph 123 in the form alleged except admits that from time to time that *ThyssenKrupp Elevator Corporation* repaired the elevators at the premises located at 285 Fulton Street also known as One World Trade Center, City, County and State of New York.

7.     Denies paragraph 124 in the form alleged except admits that from time to time that *ThyssenKrupp Elevator Corporation* maintained the elevators at the premises located at 285 Fulton Street also known as One World Trade Center, City, County and State of New York.

8.     Denies paragraphs 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, and 137 except admits that *ThyssenKrupp Elevator Corporation* entered into a contract with ROYAL 1 WTC MANAGEMENT a/a/f WTC TOWER 1 LLC the terms and conditions of which *ThyssenKrupp Elevator Corporation* begs to take leave of notice of.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

9.     Plaintiff has failed to state a cause of action.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

10.    Plaintiff has failed to name and serve necessary parties..

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

11.    The court lacks personal jurisdiction over answering defendants.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

12.    The defendant claims the benefits and protections of Article 14 of the CPLR.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

13.    The defendant herein claims the application of Article 16 of the Civil Practice Laws and Rules and asserts limited liability thereunder for any non-economic loss.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

14.    That the culpable conduct of the plaintiff will bar and/or reduce any recovery in the proportion that the plaintiff and/or plaintiff(s) culpable conduct bears to the total recovery had herein.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

15.     This action is barred by the applicable Statute of Limitations.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

16.     That the culpable conduct of third parties will bar and/or reduce any recovery in the proportion that the third-parties culpable conduct bears to the total recovery had herein.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

17.     Answering defendants claim the benefit of each and every provision of CPLR § 4545 including, but not limited to, any credit or off-set by reason of any replacement or indemnification of costs or expenses from any collateral source.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

18.     The Workers' Compensation Law bars any and all claims set forth in the Complaint.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

19.     Plaintiff has failed to mitigate damages.

## AS AND FOR A FIRST CROSS-CLAIM AGAINST WTC TOWER 1 LLC, 1 WORLD TRADE CENTER LLC, TOWER 1 HOLDINGS LLC, TOWER 1 JOINT VENTURE LLC, TOWER 1 MEMBER LLC, THE DURST ORGANIZATION INC., DURST 1 WTC LLC, DURST MANAGEMENT AND DEVELOPMENT LLC, DURST WTC CORPORATION, DURST WTC HOLDING LLC, NEWMARK & COMPANY REAL ESTATE, INC., NEWMARK KNIGHT FRANK GLOBAL MANAGEMENT SERVICES, LLC and THYSSENKRUPP NORTH AMERICA, INC.

20.     If plaintiff was injured or damaged as alleged, the injuries or damages were caused in whole or in part or contributed to by reason of the carelessness, recklessness, negligence and/or breach of contract of one or more of the defendants, their agents, servants, and/or employees, with the negligence, if any, on the part of answering defendants being secondary and/or derivative only.

21.     By reason of the foregoing, co-defendants will be liable to answering defendants in the event a judgment or in an amount equal to the excess over and above answering defendant's equitable share of said judgment. The equitable shares of any judgment recovered by plaintiff are to be determined in accordance with the relative culpability of defendants.

## AS AND FOR A SECOND CROSS-CLAIM AGAINST WTC TOWER 1 LLC, WORLD TRADE CENTER LLC, TOWER 1 HOLDINGS LLC, TOWER 1 JOINT VENTURE LLC, TOWER 1 MEMBER LLC, THE DURST ORGANIZATION INC., DURST 1 WTC LLC, DURST MANAGEMENT AND DEVELOPMENT LLC, DURST WTC CORPORATION, DURST WTC HOLDING LLC, NEWMARK

**COMPANY REAL ESTATE, INC., NEWMARK KNIGHT FRANK GLOBAL MANAGEMENT SERVICES, LLC and THYSSENKRUPP NORTH AMERICA, INC.**

22.     If plaintiff sustained the injuries and damages as alleged in the verified complaint, said injuries were caused as a result of the acts, conduct or omissions or without any fault on the part of defendant *ThyssenKrupp Elevator Corporation* contributing thereto.

23.     If plaintiff recovers judgment against defendant *ThyssenKrupp Elevator Corporation* said defendant is entitled to indemnity and contribution from defendants WTC TOWER 1 LLC, 1 WORLD TRADE CENTER LLC, TOWER 1 HOLDINGS LLC, TOWER 1 JOINT VENTURE LLC, TOWER 1 MEMBER LLC, THE DURST ORGANIZATION INC., DURST 1 WTC LLC, DURST MANAGEMENT AND DEVELOPMENT LLC, DURST WTC CORPORATION, DURST WTC HOLDING LLC, NEWMARK & COMPANY REAL ESTATE, INC., NEWMARK KNIGHT FRANK GLOBAL MANAGEMENT SERVICES, LLC to have judgment over and against it for any judgment that may be recovered by plaintiff against defendant *ThyssenKrupp Elevator Corporation* or for that portion shown to be the responsibility of defendants WTC TOWER 1 LLC, 1 WORLD TRADE CENTER LLC, TOWER 1 HOLDINGS LLC, TOWER 1 JOINT VENTURE LLC, TOWER 1 MEMBER LLC, THE DURST ORGANIZATION INC., DURST 1 WTC LLC, DURST MANAGEMENT AND DEVELOPMENT LLC, DURST WTC CORPORATION, DURST WTC HOLDING LLC, NEWMARK & COMPANY REAL ESTATE, INC., NEWMARK KNIGHT FRANK GLOBAL MANAGEMENT SERVICES, LLC.

**AS AND FOR A THIRD CROSS-CLAIM AS AGAINST WTC TOWER 1 LLC, 1 WORLD TRADE CENTER LLC, TOWER 1 HOLDINGS LLC, TOWER 1 LLC, 1 WORLD TRADE CENTER LLC, TOWER 1 HOLDINGS LLC, TOWER 1 JOINT VENTURE LLC, TOWER 1 MEMBER LLC, THE DURST ORGANIZATION INC., DURST 1 WTC LLC, DURST MANAGEMENT AND DEVELOPMENT LLC, DURST WTC CORPORATION, DURST WTC HOLDING LLC, NEWMARK & COMPANY REAL ESTATE, INC. NEWMARK KNIGHT FRANK GLOBAL MANAGEMENT SERVICES INC.**

24.     By contract defendants, WTC TOWER 1 LLC, 1 WORLD TRADE CENTER LLC, TOWER 1 HOLDINGS LLC, TOWER 1 JOINT VENTURE LLC, TOWER 1 MEMBER LLC, THE DURST ORGANIZATION INC., DURST 1 WTC LLC, DURST MANAGEMENT AND DEVELOPMENT LLC, DURST WTC CORPORATION, DURST WTC HOLDING LLC, NEWMARK & COMPANY REAL ESTATE, INC., NEWMARK

KNIGHT FRANK GLOBAL MANAGEMENT SERVICES, LLC and THYSSENKRUPP NORTH AMERICA, INC. agreed to defend and indemnify defendant *ThyssenKrupp Elevator Corporation* for claims arising from all claims of WTC TOWER 1 LLC, 1 WORLD TRADE CENTER LLC, TOWER 1 HOLDINGS LLC, TOWER 1 JOINT VENTURE LLC, TOWER 1 MEMBER LLC, THE DURST ORGANIZATION INC., DURST 1 WTC LLC, DURST MANAGEMENT AND DEVELOPMENT LLC, DURST WTC CORPORATION, DURST WTC HOLDING LLC, NEWMARK & COMPANY REAL ESTATE, INC., NEWMARK KNIGHT FRANK GLOBAL MANAGEMENT SERVICES, LLC and THYSSENKRUPP NORTH AMERICA, INC.'s negligence.

25.     Accordingly, defendants WTC TOWER 1 LLC, 1 WORLD TRADE CENTER LLC, TOWER 1 HOLDINGS LLC, TOWER 1 JOINT VENTURE LLC, TOWER 1 MEMBER LLC, THE DURST ORGANIZATION INC., DURST 1 WTC LLC, DURST MANAGEMENT AND DEVELOPMENT LLC, DURST WTC CORPORATION, DURST WTC HOLDING LLC, NEWMARK & COMPANY REAL ESTATE, INC., NEWMARK KNIGHT FRANK GLOBAL MANAGEMENT SERVICES, LLC and THYSSENKRUPP NORTH AMERICA, INC. is contractually obligated to provide defendant ***ThyssenKrupp Elevator Corporation*** with a defense to the subject action and to indemnify it for amounts recovered by plaintiff, if any, as well as such costs, attorneys fees and disbursements as may be incurred by defendant ***ThyssenKrupp Elevator Corporation.*** in defense of this action.

**<u>A</u>S AND FOR A FOURTH CROSS-CLAIM AGAINST WTC TOWER 1 LLC, 1 WORLD TRADE CENTER LLC, TOWER 1 HOLDINGS LLC, TOWER 1 JOINT VENTURE LLC, TOWER 1 MEMBER LLC, THE DURST ORGANIZATION INC., DURST 1 WTC LLC, DURST MANAGEMENT AND DEVELOPMENT LLC, DURST WTC CORPORATION, DURST WTC HOLDING LLC, NEWMARK & COMPANY REAL ESTATE, INC., NEWMARK KNIGHT FRANK GLOBAL <u>MANAGEMENT SERVICES, LLC and THYSSENKRUPP NORTH AMERICA,INC.</u>**

26.     WTC TOWER 1 LLC, 1 WORLD TRADE CENTER LLC, TOWER 1 HOLDINGS LLC, TOWER 1 JOINT VENTURE LLC, TOWER 1 MEMBER LLC, THE DURST ORGANIZATION INC., DURST 1 WTC LLC, DURST MANAGEMENT AND DEVELOPMENT LLC, DURST WTC CORPORATION, DURST WTC HOLDING LLC, NEWMARK & COMPANY REAL ESTATE, INC., NEWMARK KNIGHT FRANK

GLOBAL MANAGEMENT SERVICES, LLC and THYSSENKRUPP NORTH AMERICA, INC was contractually obligated to procure and provide insurance for the benefit and protection of *ThyssenKrupp Elevator Corporation*.

27.     WTC TOWER 1 LLC, 1 WORLD TRADE CENTER LLC, TOWER 1 HOLDINGS LLC, TOWER 1 JOINT VENTURE LLC, TOWER 1 MEMBER LLC, THE DURST ORGANIZATION INC., DURST 1 WTC LLC, DURST MANAGEMENT AND DEVELOPMENT LLC, DURST WTC CORPORATION, DURST WTC HOLDING LLC, NEWMARK & COMPANY REAL ESTATE, INC., NEWMARK KNIGHT FRANK GLOBAL MANAGEMENT SERVICES, LLC and THYSSENKRUPP NORTH AMERICA, INC. failed to provide said insurance and consequently *ThyssenKrupp Elevator Corporation.* has had to expend sums in the defense of this instant litigation.

28.     That WTC TOWER 1 LLC, 1 WORLD TRADE CENTER LLC, TOWER 1 HOLDINGS LLC, TOWER 1 JOINT VENTURE LLC, TOWER 1 MEMBER LLC, THE DURST ORGANIZATION INC., DURST 1 WTC LLC, DURST MANAGEMENT AND DEVELOPMENT LLC, DURST WTC CORPORATION, DURST WTC HOLDING LLC, NEWMARK & COMPANY REAL ESTATE, INC., NEWMARK KNIGHT FRANK GLOBAL MANAGEMENT SERVICES, LLC and THYSSENKRUPP NORTH AMERICA, INC. will be liable to *ThyssenKrupp Elevator Corporation.* to reimburse them for all settlements, judgments, costs, expenses and fees accrued in the defense of this action.

**WHEREFORE**, defendant, *ThyssenKrupp Elevator Corporation.* hereby demands judgment dismissing the complaint of the plaintiff and the complaint as to the defendant, as well as judgment over on the cross-claim together with costs and disbursement of this action.

Dated: White Plains, New York
      August 5, 2019

                    Yours, etc.

                    BABCHIK & YOUNG, LLP

By:
                    BRUCE M. YOUNG, ESQ.
                    Attorneys for Defendant
                    *ThyssenKrupp Elevator Corporation*
                    245 Main Street, Suite 330
                    White Plains, New York  10601
                    Tel.    (914) 470-0001
                    Fax    (914) 470-0009

TO:   Michael Zogala, Esq.
       KAHN GORDON TIMKO & RODRIQUES, PC.
       Attorneys for Plaintiff
       20 Vesey Street, Suite 300
       New York, NY  10007
       (212) 233-2040

       Michael Farbiaza, Esq.
       Allen Acosta, Esq.
       Attorney for Defendant
       WTC TOWER 1 LLC,
       The Port Authority of NY & NJ
       4 World Trade Center, 23rd Floor
       New York, NY  10007

       **Via Secretary of State**
       1 WORLD TRADE CENTER LLC
       c/o Corporation Service Company
       80 State Street
       Albany, NY  12207-2543

       Darrel Buchbinder, Esq.
       Attorneys for Defendants
       TOWER 1 HOLDING, LLC
       TOWER 1 JOINT VENTURE LLC
       TOWER 1 MEMBER LLC
       The Port Authority of NY & JN
       225 Park Avenue South, 15th Floor
       New York, NY  10003

       Ira Marx, Esq.
       THE DURST ORGANIZATION
       DURST 1 WTC LLC
       DURST MANAGEMENT AND DEVELOPMENT LLC
       DURST WTC HOLDING LLC
       One Bryant Park
       New York, NY  10036

       **Via Secretary of State**
       NEWMARK & COMPANY REAL ESTATE, INC.
       c/o Corporation Service Company
       80 State Street
       Albany, NY  12207-2543

**<u>Via Secretary of State</u>**
NEWMARIK KNIGHT FRANK GLOBAL MANAGEMENT SERVICES LLC
c/o Corporation Service Company
80 State Street
Albany, NY  12207-2543

**<u>Via Secretary of State</u>**
THYSSENKRUPP NORTH AMERICA, INC.
c/o Corporation Service Company
80 State Street
Albany, NY  12207-2543